MARK R. WELCH, Executor of the Estate of Josephine Betts, deceased, mortgagee, *v.* GIOVANNI CAMPELLONE and CHRISTINA CAMPELLONE, Mortgagors.

*(January* 25, 1937.)

LAYTON, C. J., RODNEY and SPEAKMAN, J. J., sitting.

*Thomas Herlihy, Jr., for* Petition to withdraw funds.

*William Prickett* opposed to petition.

Superior Court for New Castle County, No. 115, November Term, 1934.

RODNEY, J., delivering the opinion of the Court:

The plaintiff, in his brief, discusses three questions:

1. Do taxes remain a lien against the property on which they are assessed, after sale under an execution on a mortgage?

2. Are county taxes for more than two years entitled to priority out of the proceeds of the sale of the property under execution on a mortgage?

3. Are city taxes for more than four years entitled to priority out of the proceeds of the sale of the property under execution on a mortgage?

We do not think that anything is presented for our determination under the first question suggested by the plaintiff. The fund deposited in Court is sufficient to pay the full amount of the taxes claimed to be due, and, therefore, there is no question as to the tax remaining a lien against the property.

No matter for determination is presented under the second question suggested by the plaintiff, for the reason that county taxes are not here involved at all, there being no petition to withdraw any money for the payment of county taxes.

The sole question concerns the amount of city taxes that should be paid. *Section* 23 (set forth in the statement of facts), expressly makes the city taxes a prior lien for the period of four years from the first day of July succeeding the assessment, and the statute immediately continues "but if the said real estate remains the property of the person to whom it is assessed, then the lien shall continue until the tax is collected." It will be seen that "the lien is continued." It is obvious that it is the same lien that

has been created a prior lien for four years that is "continued" if the property remains in the possession of the taxable.

The clear intent of the section as we see it is that if the property remains in the possession of the taxable against whom it was assessed, then the lien of the taxes continues, but if the property has been aliened or transferred, other than by a judicial sale, then the taxes only remain a lien for the period of four years.

*Section* 24 simply transfers. in the case of a sale under execution process, the tax from the property to the fund arising from the sale. The proviso is only applicable where the property is sold subject to a first or prior lien, and has no applicaion to the present case.

*Section* 25 has no application to the present case, merely governing cases where the property is sold under the Tax Acts.

Our attention was drawn to a general statute, being *Section* 2870 of *Revised Code* of 1915, in which municipal taxes are made a lien for the period of two years. We have in this case given little consideration to that Act because it, by its express terms, applies to Municipal Corporations, "except as in their charters otherwise provided." Because the Charter of the city of Wilmington, as hereinbefore set out, does otherwise provide, so *Section* 2870 has no application.

Believing that under *Section* 23 of the Wilmington Charter the city taxes are due and collectible in the amount set forth in the petition to draw the money out of Court, such petition is allowed.