PETER OLIVERE,

*vs.*

ELMER C. TAYLOR, Sheriff of New Castle County, MARY ROSSITER and RAYMOND ROSSITER.

*New Castle, April* 12, 1949.

*Victor J. Colombo,* for plaintiff.

*H. Eugene Savery,* and *R. H. McNeill,* of Washington, D. C., for Mary Rossiter.

HARRINGTON, Chancellor: Notwithstanding the specific prayer of the complaint, the plaintiff under his prayer

for general relief seeks restitution by subrogation for money belonging to him, and unlawfully used by Elmer C. Taylor, Sheriff of New Castle County, for the payment of certain county and city taxes on property of Mary Rossiter in the City of Wilmington. He seeks by that remedy to be put in the original position of the county and city with respect to certain alleged tax liens on that property and an order directing the application of money in the hands of the former Sheriff belonging to Mary Rossiter to the payment of such liens.

One Thomas Rossiter died intestate in 1926 seized, among other properties, of Nos. 712, 714 and 716 West Ninth Street, in the City of Wilmington, New Castle County. He left to survive him as his only heirs at law, two children, Raymond Rossiter and Mary Rossiter, to whom said property descended in coparcenary in fee simple. His wife had predeceased him. Raymond Rossiter was subsequently adjudicated a bankrupt and, pursuant to the direction of the Federal Court, proceedings to partition the Thomas Rossiter property were instituted in the Orphans' Court for New Castle County; and on February 14, 1930, Nos. 712, 714 and 716 West Ninth Street were assigned to Mary Rossiter absolutely. A trustee had been appointed for her prior to 1930, but was discharged and the trust terminated in 1931. Even after the assignment of the West Ninth Street property to Mary Rossiter in severalty, the New Castle County taxes were assessed in the name of "Thomas Rossiter Est." In December, 1944, pursuant to *Section* 1351 of the *Revised Code of* 1935, three attachment suits were brought in the Superior Court for that county by the Receiver of Taxes against "Thomas Rossiter Est." for the collection of unpaid taxes so assessed for the years 1937, 1938, 1939 and 1940, and judgments were entered against the defendant for the respective sums of $38.94, $35.94 and $21.97. Orders of sale were issued and the properties were advertised and sold at public sale by the Sheriff of New Castle County and struck off to Peter Olivere, the plaintiff, for the total sum of

$1485.00. The several purchase prices paid to the Sheriff for Nos. 712, 714 and 716 were $525.00, $370.00 and $590.00. The sales were returned to the Superior Court for New Castle County and were confirmed, apparently without objection, at the January Term on March 2, 1945. The return on the order directing the sale of No. 712 West Ninth Street shows that the proceeds were applied as follows:

| | |
|---|---:|
| "Paid costs | $93.36 |
| " Plaintiff's Attorney | 38.94 |
| " David J. Reinhardt, Jr. Attorney | 168.24 |
| " 1943 and 1944 County Taxes | 16.14 |
| Applied to City Taxes | 208.32 |
| | $525.00" |

The sums of $38.94 and $168.24 were in payment of county taxes on said property for the years 1930 to 1942, inclusive.

The return of the Sheriff on the order directing the sale of No. 714 West Ninth Street shows that the proceeds were applied as follows:

| | |
|---|---:|
| "Paid costs | $91.74 |
| " Plaintiff's Attorney | 35.94 |
| " David J. Reinhardt, Jr. Attorney | 169.88 |
| " 1943 and 1944 County Taxes | 14.91 |
| Applied to City Taxes, | 57.53 |
| | $370.00" |

The above sums of $35.94 and $169.88 were also in payment of county taxes on the property for the years 1930 to 1942, inclusive.

The return of the Sheriff on the order of the court directing the sale of No. 716 West Ninth Street, shows that the proceeds were applied as follows:

| | |
|---|---:|
| "Paid costs | $91.03 |
| " Plaintiff's Attorney, | 21.97 |
| " David J. Reinhardt, Jr. Attorney, | 94.89 |
| " 1943 and 1944 County Taxes | 9.11 |
| " City Taxes | 339.06 |
| Undistributed | 33.95 |
| | $590.00" |

The above sums of $21.97 and $94.89 were likewise in payment of county taxes on said property for the years 1930 to 1942, inclusive.

After the expiration of one year from the date of the confirmation of the sale, the said property not having been redeemed by the owner, the plaintiff, Peter Olivere, petitioned the Superior Court to direct the Sheriff to execute deeds, pursuant to *Section* 1359 of the *Revised Code of* 1935. On September 19, 1946, the court entered orders denying the prayers of the petitions on the grounds that the several judgments entered against "Thomas Rossiter Est." were void. The purchase money, the most of which had been applied to taxes and costs, was not returned to the plaintiff, though he did not get deeds for the property struck off to him.

Pursuant to *Chapter* 143, *Volume* 36, *Laws of Delaware*, the Mayor and Council of Wilmington subsequently brought suits in the Superior Court for New Castle County to collect the unpaid taxes on Nos. 712, 714 and 716 West Ninth Street.

The suits were against Raymond Rossiter and Mary Rossiter in whose names the city taxes were apparently assessed; and on March 2, 1947, three several judgments were entered against the defendants for the respective sums of $48.86, $365.15, and $38.35. The first and second judgments were for taxes due on Nos. 712 and 714 West Ninth Street from 1935 to 1946, inclusive, and the third judgment was for taxes due on No. 716 West Ninth Street for 1945 and 1946. On August 11, 1947, by virtue of the writs of *venditioni exponas* issued on said judgments, the Sheriff of New Castle County sold Mary Rossiter's property at public sale to Battaglia Realty Company for the total sum of $2450.00; the respective purchase prices being $1100, $700, and $650. The sales were confirmed by the Superior Court September 18, 1947. The Sheriff's return shows

that the purchase price for No. 712 West Ninth Street was applied as follows:

| | |
|---|---|
| "Paid costs | $76.60 |
| " City Taxes | 587.99 |
| " County Taxes | 9.26 |
| " Delinquent County Taxes | 16.77 |
| " Costs on judgment | 12.45 |
| Undistributed | 396.93 |
| | $1100.00" |

His return shows that the purchase price for No. 714 West Ninth Street was applied as follows:

| | |
|---|---|
| "Paid costs | $76.60 |
| " City Taxes | 539.70 |
| " County Taxes | 8.55 |
| " Delinquent County Taxes | 15.48 |
| " Costs on Judgment | 12.45 |
| Undistributed | 47.22 |
| | $700.00" |

His return shows that the purchase price for No. 716 West Ninth Street was applied as follows:

| | |
|---|---|
| "Paid costs | $76.60 |
| " City Taxes | 38.35 |
| " County Taxes | 5.23 |
| " Delinquent County Taxes | 9.46 |
| Undistributed | 520.36 |
| | $650.00" |

Elmer C. Taylor, as former Sheriff, therefore, has in hand a balance from the first sales on the void judgments of $33.95 and a balance of $964.51 from the second sales.

As a general rule, where one person's money has been used to pay liens or preferred claims against the property of another under such circumstances as to constitute unjust enrichment, subrogation is applicable and gives the plaintiff similar rights to those which the lienholder or preferred claimant had before the lien or claim was discharged.

*Restatement, Restitution,* § 162; see also *Leiter v. Carpenter,* 26 *Del.Ch.* 85, 22 *A.2d* 393; *Eastern States Petroleum Co. v. Universal Oil Products Co.,* 28 *Del.Ch.* 365, 44 *A.2d* 11; *Id.,* 29 *Del.Ch.* 305, 49 *A.2d* 612. In effect, subrogation is, therefore, the equitable substitution of another person in the place of the lienholder or preferred claimant to whose original rights he succeeds in relation to the claim paid. *Leiter v. Carpenter, supra; Eastern States Petroleum Co. v. Universal Oil Products Co., supra.* Furthermore, if justice demands it, subrogation is usually applied when a person not a mere volunteer pays a tax lien on the property of another. *Title Guarantee & Trust Co. v. Haven,* 196 *N.Y.* 487, 89 *N.E.* 1082, 1085, 25 *L.R.A.,* (*N.S.*), 1308, 17 *Ann. Cas.* 1131; *Cooley on Taxation,* § 1271; 50 *Amer.Jur.* 726; *Restatement, Restitution,* § 162(*f*). This does not mean, however, that the person paying the tax acquires all of the usual summary statutory remedies given the taxing authorities. 3 *Cooley on Taxation,* § 1271. But unless expressly made so by statute, a tax assessment is not a lien on the property assessed. *In re Lord, etc., Chemical Co.,* 7 *Del.Ch.* 248, 44 *A.* 775; *McComb v. Robelen,* 13 *Del.Ch.* 157, 116 *A.* 745. .

The New Castle County tax statute, *Par.* 1348 *Rev. Code* 1935, provides that all taxes assessed against real estate shall be liens for ten years from July first in the year in which they are assessed; if, however, it shall remain the property of the person who was the owner "at the time it was assessed", the lien shall continue until the tax is collected. A valid assessment is, however, essential to such a lien. 3 *Cooley on Taxation,* § 1230; 61 *C.J., Taxation,* 619; *Scott v. Brown,* 106 *Ala.* 604, 17 *So.* 731.

*Section* 1351 of the county tax statute authorizes the collection of such taxes by the receiver for the county by attachment proceedings in the Superior Court and elsewhere.

*Section* 1355 provides: (1) for the payment of any

such judgment "with interest and costs" upon the confirmation by the court of any sale; (2) for the application of any balance "to such persons or corporations * * * served with notice of such sale as then hold liens upon said lands and premises whether by way of taxes * * * or otherwise, in accordance with the priority of their liens"; and (3) that the remainder be paid to the "person who was the owner of said real estate at and immediately before said sale * * *."

*Section* 1360 also provides for the collection of county taxes in an action of debt.

Moreover, assessments against the owners of property liable to taxation for county purposes seem contemplated. §§ 1266, 1268, 1277, 1278, 1348, 1351 and 1355, *Revised Code* 1935.[1]

*Section* 1278 provides that if the Assessment Board cannot discover the owner, it shall value the property and state that the owner is unknown.

In the absence of statutory authority, a county tax assessment in the name of "Thomas Rossiter Est." on property belonging to Mary Rossiter is invalid, and not a lien on the property. 3 *Cooley on Taxation*, § 1230; *Cole v. Jamerson*, 112 *Va.* 311, 71 *S.E.* 618, 50 *L.R.A.*, (*N.S.*), 409; 61 *C.J., Taxation*, 619; *Scott v. Brown, supra; In the Matter of the Application of McCue v. Board of Supervisors*, 162 *N.Y.* 235, 56 *N.E.* 627. If the Chancellor laid down any different rule in *Murphey, et al., v. Mayor, etc., of City of Wilmington*, 5 *Del.Ch.* 281, the Court of Errors and Appeals, *Murphey v. Mayor, etc., of Wilmington*, 6 *Houst.* 108, 2 *Am.St.Rep.* 345, based its conclusion on different grounds.

City and school taxes on real estate "lawfully assessed" shall constitute a prior lien thereon for four years

[1] The present county tax statute appears in *Chapt.* 133, *Vol.* 46. *Laws of Del.*

from the first day of July succeeding the assessment; but if the said real estate remains the "property of the person to whom it is assessed", then the lien shall continue until the tax is collected. *Vol. 28 Laws of Del., Chapt.* 119, § 23, *Revised Code of Wilmington,* 1942, *par.* 102, *p.* 112.

If real estate subject to a tax lien is sold under execution process, and the purchase price is sufficient to pay the lien, the property is sold clear, and the lien transferred to that fund. *Vol. 28 Laws of Del., Chapt.* 119, § 24, *Revised Code of Wilmington, par.* 103, *p.* 112.

If any property is sold under the act, the proceeds of the sale shall "first be applied to the satisfaction of the judgment and costs under which such property is sold, then to the payment of any unpaid City and School taxes assessed against such property before any of the proceeds of such sale shall be applied to any liens of record * * *." *Vol.* 28 *Laws of Del., Chapt.* 119, § 25, *Revised Code of Wilmington, par.* 104, *p.* 113.

In assessing real property, "the name of the owner or last owner or reputed owner shall be given, if known." *Vol.* 28 *Laws of Del., Chapt.* 121, § 8, *Revised Code of Wilmington* 1942, *par.* 74, *p.* 90.

The same section further provides, however, that: "Such name shall be regarded as an aid to identify such property, but a mistake in the name of the owner, last known owner or reputed owner, or the absence of name, shall not affect the validity of the assessment of any tax based thereon." *Id.* See also *Pottock v. Mellott,* 2 *Terry* (41 *Del.*) 361, 22 *A.* 2d 843; *Boyd v. Dillman,* 9 *W. W. Harr.* (39 *Del.*) 231, 197 *A.* 830.

As we have seen, the county tax statute contains no such provision.

*Section* 1, *Chapter* 143, *Volume* 36 *Laws of Delaware, Rev.Code, Wilmington, par.* 114, *p.* 116, also provides for what are termed condition proceedings for the collection of

city taxes, and the judgments entered and the sales made under process issued by the city were under those proceedings.

Before the Superior Court had determined the invalidity of the attachment judgments and sales for county taxes, Elmer C. Taylor, as Sheriff, had applied $1451.05 of the purchase price ($1485.00) paid by the plaintiff to county and city taxes and to the costs of the proceedings. He applied $570.02 of that sum to the judgments and to other county taxes, but as they were not valid preferred claims or liens against Mary Rossiter's property the remedy of subrogating the plaintiff to the rights of the county cannot be applied for the recovery of that sum. See *Title Guarantee & Trust Co. v. Haven, supra; Restatement, Restitution,* § 162.

The cases cited by the plaintiff in support of his contention that the county taxes were liens on the property, *Welch v. Campellone,* 8 *W.W.Harr.* (38 *Del.*), 152, 189 *A.* 451, and *Boyd v. Dillman, supra,* merely involved the city tax statute. See also *Pottock v. Mellott, supra.*

The city taxes paid with the plaintiff's money were, however, liens on Mary Rossiter's property and he is entitled to be subrogated to the original rights of the city against her property and to recover the $604.91 paid, together with interest thereon, from the $964.51 balance in the hands of Elmer C. Taylor, former Sheriff, from the proceeds of the sales on the city judgments. Any other conclusion would be inequitable and would result in the unjust enrichment of Mary Rossiter.

The plaintiff is also entitled to recover the balance of $33.95 in the hands of Elmer C. Taylor, former Sheriff, from the purchase price paid at the sale on the void attachment judgments for county taxes. In reaching this conclusion it is unnecessary to determine whether the right to restitution is properly based on a constructive trust to pre-

vent the unjust enrichment of Taylor, one of the defendants, or, for the same reason, because of an equitable lien on the fund in hand. See *Restatement, Restitution,* § 160, *and comments* (*a*) *to* (*f*), § 161, *comment* (*a*). "In some situations, the plaintiff is entitled only to enforce an equitable lien (to prevent unjust enrichment). In others, he can, at his option, enforce either an equitable lien or a constructive trust." *Restatement, supra,* § 161 (*a*), § 160. But under the facts of this case, a constructive trust may be the proper remedy as the fund in hand was paid to the sheriff under a mistake. *Restatement, supra,* § 160 (*e*). In any event, Mary Rossiter is not entitled to the $33.95 balance as the first sale was void. See 61 *C.J.* 1213. If the disposition of this balance were the only question to be determined, an action at law against the Sheriff for its recovery might be the appropriate remedy (*Restatement, supra,* § 160(*a*), (*e*); but this court has jurisdiction over the case on other grounds and the additional relief sought will, therefore, be given the plaintiff.

It is unnecessary to consider whether the plaintiff could recover compensation in any other proceeding for the amount wrongfully paid by the Sheriff for county taxes.

A final order will be entered in accordance with this opinion.