89 A.2d 860 (1952)
JOACHIMOUSKA
v.
MAGOWAN.
Court of Chancery of Delaware, New Castle.
June 23, 1952.
*861 Daniel De Pace, Wilmington, for plaintiff.
Abraham Hoffman, Wilmington, for defendant.
SEITZ, Chancellor.
The issue in this action for specific performance of a real estate contract is the validity of a tax sale whereby plaintiff presumably obtained ownership of the property involved.
A chronological narration of the facts is necessary. On December 30, 1938 the plaintiff and her now deceased husband purchased two parcels of land at a tax sale. The two parcels are located in the town of Elsmere. They were sold under proceedings instituted by The Commissioners of Elsmere, a municipal corporation, by virtue of a statute passed May 17, 1937.[1] Plaintiff later received deeds for the two plots.
On February 25, 1952 defendant entered into a contract to purchase both parcels of land from plaintiff who agreed to convey a "good, marketable, fee simple title, free and clear of all liens and encumbrances". Defendant refused the tender of the deeds on the ground that plaintiff could not convey the required title.
Defendant urges many reasons why the plaintiff lacks a fee-simple title. All the reasons are directed to the unvalidity or the irregularity of the tax sale by virtue of which plaintiff claims title to the two parcels of land.
I shall pass over defendant's contention that the tax statute in question is unconstitutional. I shall consider defendant's contention that the unpaid taxes which occasioned the sale were not liens upon the lands sold and that therefore, the proceedings were contrary to Section 4 of the very statute under which The Commissioners of Elsmere purported to act. Section 4 of Chapt. 142, Vol. 41 Laws of Del., provides as follows:
"No proceedings shall be brought under this Act unless the tax or assessment sought to be collected hereunder shall at the time of the filing of said Praecipe in the office of the Prothonotary be and constitute a lien upon the property against which the tax or assessment was assessed or laid."
Defendant says that no other statute then in existance made the tax or assessment in Elsmere a lien upon such property at that stage. Such appears to be the case. The failure of plaintiff's counsel to point to any such statute helps to confirm this conclusion. But plaintiff says the following language in the statute incorporating the town resulted in the imposition of a lien upon the land affected:
"After the valuation and assessment shall be examined and adjusted by the said Commissioners, all taxes shall be levied, assessed and raised on the real estate * * * in just and equal proportions and rates."[2]
The quoted language does not purport to impose a lien. Its purpose is manifestly to constitute a direction for levying the taxes subsequent to the final valuation and assessment by the Commissioners.
I conclude that at the time the tax sale proceedings were instituted there was no statute making Elsmere taxes a lien upon such lands. In this connection it is interesting *862 to note that the statute here involved was repealed in 1941 and a new statute adopted which provides that such taxes should constitute a lien on property. See Chapt. 164, Vol. 43 Laws of Del.
It has long been established in this State, and elsewhere, that taxes do not constitute a lien on real estate in the absence of a statute so stating. See Olivere v. Taylor, Del.Ch., 65 A.2d 723; McComb v. Robelen, 13 Del.Ch. 157, 116 A. 745. Such a provision is substantial.
It follows that there was no compliance with the statutory requirement because there was no statute making such taxes a lien and they cannot be such in the absence thereof.
The properties purportedly purchased by plaintiff and her deceased husband at the tax sale were not sold in accordance with law. Since plaintiff does not have a fee-simple title to convey she is not entitled to specific performance. Defendant's motion for summary judgment is granted and plaintiff's motion therefor is denied.
Order on notice.
NOTES
[1] Chapter 142 of Volume 41 Laws of Delaware.
[2] Section 13 of Chapter 176, Volume 25 Laws of Delaware.