293 So.2d 354 (1974)
In re Michael L. LUPOLA, Deceased.
Jean Marian LUPOLA (Widow), Petitioner,
v.
LINDSLEY LUMBER COMPANY et al., Respondents.
No. 44476.
Supreme Court of Florida.
April 17, 1974.
Anthony Reinert of Underwood, Gillis & Karcher, Miami, for petitioner.
R.K. Estes of Levenstein, Burke & Associates, Miami, for respondents.
BOYD, Justice.
This cause is before us on petition for writ of certiorari to the Florida Industrial Relations Commission, following the Commission's affirmance of an order of the Judge of Industrial Claims which had dismissed the compensation claim involved. We are of the opinion that the Commission reached the proper result in affirming, and we therefore deny certiorari. In so doing, however, we wish to correct two misstatements of law and fact which appear both in the order of the Judge of Industrial Claims and in the opinion of the Commission. The errors involved in both the former and the latter serve to cancel each other out and, although in this case, as far as the result is concerned, two wrongs have apparently made a right, we feel constrained to issue an opinion to eliminate any *355 confusion. Oral argument has been dispensed with, pursuant to Rule 3.10, subd. e, Florida Appellate Rules, 32 F.S.A.
The facts of the case, as reported by the Commission, are as follows:
"Claimant was the victim of inhalation of chlorine smoke on June 19, 1971, with consequent respiratory distress and certain other complications. Following intensive care and hospitalization, claimant returned to work on August 1, 1971. By Order of March 27, 1972, the Judge of Industrial Claims approved a lump sum settlement pursuant to § 440.20(10), F.S. On August 10, 1972 the claimant expired, and on September 21, 1972 there was filed a claim for death benefits.
"The Judge of Industrial Claims as the trier of fact made a determination ... that the claim for death benefits  filed more than one year after the employee's accident  did not follow a period of continuous disability dating from the accident pursuant to § 440.16, F.S."
More specifically, the Judge of Industrial Claims made the following findings:
"Claim was defended on grounds that no benefits are due, because on March 27, 1972, Michael Lupola, the deceased employee while alive was granted a lump sum settlement pursuant to a joint petition for settlement executed by him prior to his demise under provisions of Section 440.20(10)."
* * * * * *
"5. His claim for Workmen's Compensation benefits was settled by Joint Petition and Stipulation for settlement pursuant to F.S. 441.20(10) [sic] on March 27, 1972."
* * * * * *
"9. At the time the decedent signed the Joint Petition for Stipulation for Wash-Out he was aware that he was releasing any further Workmen's Compensation claim on his behalf and discharged the carrier from further liability to him for Workmen's Compensation benefits as a result of the accident of June 19, 1971.
"10. The decedent's death did not result within one (1) year of the accident, but did result within five (5) years from the date of the accident.
"11. The parties further stipulate that the Judge of Industrial Claims shall accept into evidence the Order approving the Joint Petition between the decedent and the Employer/Carrier dated March 27, 1972, and the medical report of Dr. Joseph V. Condon dated February 21, 1973, in lieu of the doctor's testimony."
* * * * * *
"13. The sole issue to be tried by the Judge of Industrial Claims is:
"Is the widow's claim for death benefits barred by virtue of the Joint Petition and Stipulation for Settlement signed by the decedent on March 27, 1972?"
* * * * * *
"5. I find the order approving the lump sum settlement was rendered March 27, 1972; and claimant had returned to work on August 1, 1971, and his death was on August 10, 1972.
"6. I further find claim for death benefits was filed on September 21, 1972; the accident occurred on June 19, 1971; date of death was August 10, 1972, and chronogically therefore, death did not result from the accident within 1 year therefore, nor did the death follow continuous disability, and result from the accident within 5 years thereafter as evidence is that the deceased returned to work on August 1, 1971, and died on August 10, 1972, but was not continuously disabled from the accident of June 19, 1971, and claim for compensation for death was filed within two years after the death as the claim was filed on September 21, 1972, and the death occurred on August 10, 1972.
"7. While this claim does not meet requirements of Section 440.16 Florida *356 Statutes, because death did not result from the accident within 1 year thereafter, nor did death follow continuous disability and result from the accident within 5 years thereafter, I find that if the death resulted from the accident within 1 year thereafter, or if it followed continuous disability and resulted from the accident within 5 years thereafter, the widow's claim for death benefits was not barred by virtue of the order approving the joint petition and stipulation for settlement, because Florida Statute 440.16 provides a separate and distinct claim for death benefits which is an independent right, derived from the Statute and not from the rights of the decedent. Accordingly, death benefits and not affected by the joint petition, and stipulation approved by order of March 27, 1972, assuming the status of the widow in the instant case is sufficient to fix her as a proper claimant, which is not the subject matter of this order.
"WHEREFORE, it is ordered as follows:
"1. Claim under the Workmen's Compensation Law of Jean Marian Lupola, widow of Michael A. Lupola, deceased, for death benefits is denied in its entirety."
In the above order, the Judge of Industrial Claims made two errors. First, he held that:
"[T]he widow's claim for death benefits was not barred by virtue of the order approving the joint petition and stipulation for settlement because Florida Statute 440.16 provides a separate and distinct claim for death benefits which is an independent right, derived from the Statute and not from the rights of the decedent. Accordingly, death benefits are not affected by the joint petition, and stipulation approved by order of March 27, 1972...."
Section 440.20(10), Florida Statutes, the "washout settlement" statute, upon which the parties' joint petition and stipulation for settlement was based, provides:
"Upon the application of any party in interest and after giving due consideration to the interests of all interested parties, if he finds that it is for the best interests of the person entitled to compensation a judge of industrial claims may enter a compensation order requiring that the liability of the employer for compensation shall be discharged by the payment of a lump sum equal to the present value of all future payments of compensation, computed at four percent true discount compounded annually, or requiring that the employer make advance payment of a part of the compensation for which he is liable by the payment of a lump sum equal to the present value of such part of the compensation computed at four percent true discount compounded annually. Upon joint petition of all interested parties and after giving due consideration to the interests of all interested parties, if he finds that it is for the best interests of the person entitled to compensation a judge of industrial claims may enter a compensation order approving and authorizing the discharge of the liability of the employer for both compensation and remedial treatment, care and attendance by the payment of a lump sum equal to the present value of all future payments for both compensation and remedial treatment, care and attendance; and a compensation order so entered upon joint petition of all interested parties shall not be subject to modification or review under § 440.28. The probability of the death of the injured employee or other person entitled to compensation before the expiration of the period during which he is entitled to compensation shall in the absence of special circumstances making such course improper be determined in accordance with a standard experience table of mortality approved by the division. The probability of the happening of any other contingency affecting the amount of duration *357 of the compensation except the possibility of the remarriage of a widow shall be disregarded. As a condition of approving a lump sum payment to a widow the judge of industrial claims in his discretion may require security which will insure that in the event of the remarriage of such widow any unaccrued future payments so paid may be recovered or recouped by the employer or carrier. Such applications shall be considered and determined in accordance with §§ 440.25 and 440.27 and the rules of procedure prescribed by the division."
On its face, the foregoing statute clearly contemplates that the "washout settlement" is just that, i.e., a "wash-out", releasing the employer/carrier from responsibility for any further or future benefits of any nature under the Workmen's Compensation Act, in return for the present lump sum payment to the employee. In the case sub judice, there is no doubt that both parties understood quite well the import of entering such an agreement. The parties' "Joint Petition for Settlement and Lump Sum Under F.S. 440.20(10)" provided, in pertinent part:
"6. That the parties are desirous of amicably disposing of this claim without the need for further expense or hearing.
"It is therefore jointly stipulated and agreed by and between the parties hereto:
"1. That the claimant shall be paid $2,500.00 which is the present worth value of all compensation of any nature to be paid.

"2. That the claimant shall be paid $440.00 which is the present worth value of all medical transportation, medical reimbursement and future medical to be paid."
* * * * * *
"5. That by payment of the above this constitutes all the payments to be made by the employer/carrier and that no further benefits of any nature under the Workmen's Compensation Act will be claimed by the employee.

"6. That it appears for the best interest of the employee that the above payments be made in a lump sum.

"7. That the Order of the Judge of Industrial Claims in approving this Joint Petition and Stipulation shall not be subject to modification or review under F.S. 440.20(10).

(Emphasis supplied.)
Thus, we must conclude that the Judge of Industrial Claims erred in holding that the claim for death benefits under Section 440.16 was not "washed-out" by the settlement entered into under Section 440.20(10). It is clear, and we so hold, that a Section 440.20(10) "washout" settlement, freely entered into by both parties, releases the employer/carrier from responsibility for any further or future benefits of any nature under the Workmen's Compensation Act and, more specifically, under Section 440.16.
The Judge of Industrial Claims' second error occurred when he held:
"[D]eath did not result from the accident within 1 year ... nor did death follow continuous disability, and result from the accident within 5 years thereafter. ..." (Emphasis supplied.)
The Judge of Industrial Claims based this finding on the fact that the claimant returned to work on August 1, 1971. We are not of the opinion however, that the mere return of claimant to work, without more, precludes a finding of "continuous disability" under Section 440.16. Indeed, the only medical report entered into evidence, that of Joseph V. Condor, M.D., unequivocally stated:
"In my opinion, I feel that Mr. Lupola was never the same since the episode of the smoke inhalation. His general physical condition deteriorated slowly but steadily from that time until the final *358 event of admission to the hospital. I feel that the episode of smoke inhalation was a direct contributing factor to his death." (Emphasis supplied.)
Thus, the Judge of Industrial Claims' finding that there had been no period of "continuous disability" was not supported by competent substantial evidence, and was in error.
In conclusion, we again point out that although both the Judge of Industrial Claims and the Commission itself made two substantial errors, those two errors have served to cancel each other out. Since the Commission arrived at the correct result in this case, despite the corrections to its opinion indicated herein, the petition for writ of certiorari is denied.
It is so ordered.
ROBERTS, Acting C.J., and McCAIN and DEKLE, JJ., concur.
ERVIN, J., dissents with opinion.
ERVIN, Justice (dissenting):
It appears to me that there should have been no denial as a matter of law of the widow's claim for death benefits in view of the J.I.C.'s finding of a causal relation of the employee's death to the industrial accident and the majority opinion's correction of the erroneous conclusions of the J.I.C. and the Commission. Emphasis should have been placed upon the "probability of death of the injured employee" as a special circumstance (Section 440.20(10), F.S.) in passing upon the widow's claim by an appropriate evidentiary finding.