SMITH, Chief Judge.
Claimant seeks review of a workers’ compensation order denying her request for death benefits, funeral expenses, penalties, interest, costs, and attorney’s fee. We find it necessary to reverse and remand for further proceedings.
The two primary issues before the deputy commissioner (dc) were whether the claimant’s request for death benefits was barred by the statute of limitations under section 440.16(1), Florida Statutes (1986), and whether the employee’s death was causally related to his industrial accident.
*666 We will first consider the statute of limitations defense. With respect to this issue, the dc concluded that the employee’s death did not follow continuous disability, since the employee had reached maximum medical improvement (MMI) more than one year after his injury and about two months before his death. We find that the evidence does not support the dc’s conclusion and therefore reverse on this point.
Section 440.16(1), Florida Statutes (1985), requires the payment of death benefits when the employee dies within one year of his accident or when continuously disabled within five years of his accident, provided, of course, that his death results from the industrial accident. In the present case, when death occurred, the employee was only working 2-3 hours each day, still using a walking cane, and still favoring his right leg because of pain. In addition, the employee’s orthopedic surgeon was continuing to monitor the employee’s medication. These facts are sufficient to establish that the employee was continuously disabled from the time of his accident until his death. See In Re Lupola, 293 So.2d 354 (Fla.1974).
In resolving the second issue, the dc stated the following in her order:
I find that claimant expired on April 16, 1986 and that there were numerous potential causes of his death. I base this finding, upon the testimonies of Dr. Chu-tinan and Dr. Alfonso. I find that it is impossible at this time to determine the precise cause of Mr. McCollough’s death as no autopsy was performed. I am mindful of the potential causes for death as submitted by Dr. Terdsak Terry Chu-tinan and Dr. Emil Alfonso, and the support each gave for his opinion. I have given each physician’s testimony the appropriate weight.
In light of the extensive contradictory medical evidence in the record, the above findings of fact are inadequate to provide this court with an appropriate basis for review. Therefore, we reverse and remand for the dc to enter an order properly addressing the medical evidence. See Mitchell v. Littrell Concrete and Whiting National Services, 513 So.2d 668 (Fla. 1st DCA 1987). Since the employee’s cause of death is in dispute, there should be findings of fact with respect to the medical opinions and the evidence on which the same are based, including the employee’s history, physical examination, and laboratory tests. On remand, the dc may consider additional evidence, including the testimony of a court-appointed doctor if deemed necessary.
REVERSED and REMANDED.
MILLS and ERVIN, JJ., concur.