ANNIE VILLAFRANCA v. JOHN COTITIA
3 So. (2nd) 397
Division A
Opinion Filed July 8, 1941

*Yonge, Beggs & Carter,* for Appellant;
*Coe & McLane,* for Appellee.

ADAMS, J.—The appellee brought this suit to cancel a deed executed by him to the appellant, his daughter, for failure to keep and observe a condition subsequent. From decree in his favor it comes here on appeal.

In 1937, appellee sustained a severe burn by an accident which necessitated hospitalization and continued care by reason of age and injury. He was 74 years of age, a widower, and had reared eleven chil-

dren. His eldest daughter, the appellant, rendered more assistance for his immediate relief than any other child. In May, 1937, appellee executed and delivered to appellant a deed to his home valued at several thousand dollars. The deed was absolute with the condition that:

"This deed is also made upon the express condition that the said Annie Villafranca, her heirs, executors, or administrators, shall maintain and support me, the said John Cotitia, during the term of my natural life, and that upon her, or their, failure to faithfully perform this condition, the property hereby conveyed shall revert to me, the said John Cotitia, my heirs, and assigns; provided, that no action based on a breach of the said condition shall be brought against the said Annie Villafranca, her heirs, executors or administrators, after the expiration of six months following my death, and provided further that in the event a breach of this condition shall at any time be claimed, either within my lifetime or within the time limited after my death, the property hereby conveyed shall not revert to me or my heirs as hereinabove provided unless and until the said Annie Villafranca is fully reimbursed for all amounts paid by her on account of the above mentioned mortgage and on account of taxes and improvements on said property."

Appellee was destitute, infirm and wholly dependent on appellant. When appellee sufficiently recovered from his burn, he returned to the old home to live. Appellant continued to furnish the necessities of life and also a caretaker for ten months. Difficulty was experienced in keeping a caretaker and in November, 1938, another daughter moved in to live with the

old gentleman. Then, as to be expected, the trouble began.

Appellee instituted without success a suit to set aside his deed on the ground of fraud. In June, 1940, appellant secured a final judgment and ejected, by unlawful entry, the daughter who had moved in with the old gentleman. In January, 1940, appellee notified appellant by letter that she had failed to adequately support and maintain him and unless she furnish him $20.00 per month he would file this suit. Reply came saying in substance that while she was willing to furnish the $20.00 in money, she would not do so as long as her sister remained on the premises. In June, 1940, this suit was filed. On final hearing testimony was taken before the chancellor who found in substance that the condition subsequent in the deed was broken in that appellant had not supported her father and also that she had attempted to poison him.

Decree was entered cancelling the deed. A special master was appointed to strike an accounting of: ". . . all sums of money which the defendant has expended on account of the mortgage upon said property and the taxes and improvements thereon as referred to in said deed, and all sums of money which the said defendant has received as rents or other profits therefrom."

1. The first question we consider is whether the findings of fact by the chancellor are sustained by the evidence. The evidence of adequate support is in hopeless conflict. The chancellor's finding on that fact is therefore not without supporting testimony and is sustained. The appellant's obligation was absolute and continuous from the time she accepted the deed until the death of her father. She had no right to there-

after make a condition of same, the removal of her sister. The evidence shows in its last analysis that friction arose among the children about the property and the old gentleman was neglected when he should have been cared for. Appellant says her sister turned her father against her and she was unable to fulfill her obligation because of her father's conduct. She had the alternative of furnishing a satisfactory stipulated sum but declined. She now insists it is inequitable to forfeit the property; that the court should decree a monthly allowance. In other words, she is now asking the court to do that which she refused to do. We are convinced that any equity in favor of appellant will be adequately taken care of on a proper accounting.

2. The chancellor's finding of the attempted poisoning is wholly without basis in the pleadings and is not substantially supported by the evidence. Such finding was erroneous and immaterial.

3. Appellant claims there was error in the decree restricting the accounting as above recited. With this we agree. Relief is granted to appellee as a matter of equity and within the discretion of the chancellor. Relief must therefore be received by him on equitable principles. He received sufficient compliance to cause no complaint for about three years. We think justice and right demands restoration to appellant of all sums expended by her in the performance of the condition in the deed. The accounting therefore should begin with the date of the deed.

The decree is affirmed in part and reversed in part for further proceedings not inconsistent with this opinion.

So ordered.

BROWN, C. J., WHITFIELD and BUFORD, J. J., concur.