**ROBERT F. DUDLEY, also known as Robert Ford Dudley, v. LULA BELLE WILSON and EVELYN WILSON.**

13 So. (2nd) 145                                      January Term, 1943
April 23, 1943                                        Division A

*D. W. Berry,* for appellant.

*Coe & McLane,* for appellees.

CHAPMAN, J.:

On September 22, 1941, Robert F. Dudley, widower, sixty-five years of age, conveyed to his step-daughters, Lula Belle Wilson and Evelyn Wilson, described real estate, located in Escambia County, Florida. The parties to the deed for sev-

eral years had resided in the home located on the described property. On March 18, 1942, Robert F. Dudley, grantor, filed a suit in the Circuit Court of Escambia County, Florida, to cancel the deed. It was alleged that the consideration for the deed was food, clothing, medicine, and the common necessities of life to be supplied by the grantees to the grantor during the remainder of his natural life, and the costs of burial at the time of his death; that the grantees failed to supply these necessities and for this reason he prayed for a cancellation of the deed.

On March 22, 1942, the grantor, plaintiff below, died and the suit continued in the name of the Administrator and heirs of the deceased. An answer was filed to the bill of complaint and testimony taken before the chancellor in support of the issues made by the pleadings. The lower court entered an order dismissing the bill of complaint and an appeal therefrom has been perfected to this Court.

It is contended that the chancellor erred in denying the plaintiff's request for the right and privilege of submitting additional testimony in support of the issues made by the pleadings; that the parties by law have ninety days after the issues in which to adduce their testimony and the denial by the chancellor of the request deprives the appellant of this privilege.

It does not appear by the record that counsel when resting his case in chief, reserved the right and privilege of calling additional witnesses, or had such agreement with opposing counsel or the chancellor. The right is insisted upon for the first time after several witnesses are called in rebuttal. A proffer of the desired testimony was not made to the chancellor, nor does it appear in the record. Neither is its importance, relevancy or materiality made a part of the request. A request to take the testimony could have been presented to the chancellor by petition for rehearing. We are asked to reverse the case because the ninety days allowed for the taking of testimony had not expired. An abuse of discretion has not been made to appear.

It is next contended that the chancellor erred in denying counsel of record for plaintiff below the right and privilege

of giving testimony in behalf of his client. We fail to find support in the record of this contention. The Canons of Professional Ethics are controlling and answer fully the contention. See 125 Fla. 509, Section 19. When a lawyer is a witness for his client, except as to formal matters, the trial of the case should be left to other counsel. The dual capacity of counsel and witness in the trial of a cause, except as to formal matters, should be avoided if possible.

Counsel for appellant emphasizes our ruling in Villafranca v. Cotitia, 147 Fla. 715, 3 So. (2nd) 397, and contends that the order of dismissal by the chancellor should be reversed on this authority. We have studied the cited case in the light of the contention made. While the involved principles of law in the two cases may be analogous, we are faced here with findings of fact as made by a chancellor hearing the evidence, observing the witnesses, and reaching conclusions on conflicts and disputes in the testimony. See Farrington v. Harrison, 95 Fla. 769, 116 So. 497; Atlantic Bank, etc. Co. v. Sengstak, 95 Fla. 606, 116 So. 267; Mock v. Thompson, 58 Fla. 477, 50 So. 673; Lucas v. Wade, 43 Fla. 419, 31 So. 231; Kent v. Knowles, 101 Fla. 1375, 133 So. 315, 317.

The order appealed from is hereby affirmed.

BUFORD, C. J., TERRELL and ADAMS, JJ., concur.