73 So.2d 58 (1954)
MILLICAN
v.
HUNTER et al.
Supreme Court of Florida. Special Division A.
June 4, 1954.
*59 Pringle & Pringle, Leesburg, for appellant.
Walter Warren, Leesburg, for appellee Eleanor Hunter.
W.H. Poe and Maguire, Voorhis & Wells, Orlando, for appellee WLBE, Inc.
TERRELL, Justice.
Appellant brought this action against appellees to recover commission for selling a radio station. During the course of the litigation the plaintiff died and his wife Mary Katherine Millican as administratrix was substituted as party plaintiff. The case came on for trial before a jury and at the conclusion of plaintiff's testimony defendant, Eleanor Hunter, moved to dismiss the complaint "on account of the failure of the plaintiff to make a case, suitable for submission, to a jury." Defendant WLBE, Inc., joined in the motion to dismiss and in addition moved for directed verdict on the ground that no listing of the property was shown and no benefits were shown to have accrued to the corporation. Both motions were granted and plaintiff appealed.
It is first contended that error was committed by appellee in moving for dismissal of the cause instead of moving for directed verdict.
This contention is predicated on the ground that no reason was detailed for the motion to dismiss. The record shows conclusively that the trial court treated the motion to dismiss as a motion for directed verdict. In fact, the reason given for the former action was equivalent to a motion for directed verdict.
The second question has to do with whether or not there was evidence sufficient to show that the property in question was listed with the plaintiff for sale by Mrs. Hunter or by WLBE, Inc.
The evidence on this point is controversial. The main argument of Mrs. Hunter and WLBE, Inc., is that no benefit is shown to the corporation by the sale, that there is no showing that anything Mrs. Hunter said or did was intended to bind the corporation, or that the corporation wanted or intended to sell its assets, that appellant ever thought she was binding the corporation, or that the corporation ever ratified the sale or did anything to express willingness to it.
Circumstances could arise in which these objections might defeat the sale, but in the case at bar it is not disputed that Mrs. Hunter was the president, manager and sole owner of the stock in the corporation. She spoke for the directors, she could do as she liked with the corporation or its assets and was not concerned with the rights of minority stockholders, the action of the Board of Directors or the question of implied powers. There is evidence to support an agreement between Mrs. Hunter and Mr. Millican to secure a purchaser for the property, at a fixed price, for a definite *60 compensation which was later ratified. What the jury would have come up with after weighing this evidence we cannot predict, neither is it our function or that of the trial court to determine. We think the jury should have been given a chance to answer this question. In so holding we have not overlooked Sunshine v. Golden Arms Apartment Corp., Fla., 47 So.2d 1; Seward v. M. Seward & Son Co., 91 Conn. 190, 99 A. 887; Moss v. Sperry, 140 Fla. 301, 191 So. 541, 125 A.L.R. 909; E.O. Painter Fertilizer Co. v. Boyd, 93 Fla. 354, 114 So. 444 and Skinner Mfg. Co. v. Douville, 54 Fla. 251, 44 So. 1014.
The only other question we consider necessary to discuss is whether or not 31 F.S.A. Supreme Court Rule B, § (1), subd. 19 applies to statements made by one defendant to another in the presence of plaintiffs' counsel.
Supreme Court Rule B, § (1), subd. 19 is as follows:
"When a lawyer is a witness for his client, except as to merely formal matters, such as the attestation or custody of an instrument and the like, he should leave the trial of the case to other counsel. Except when essential to the ends of justice, a lawyer should avoid testifying in court in behalf of his client."
Plaintiff's counsel took the stand to testify in behalf of his client immediately before the motion for directed verdict was offered. Counsel for WLBE, Inc., objected on the ground that the testimony was contrary to Rule B, § (1), subd. 19, relating to Ethics. The court inquired into all the circumstances and obviously determined that such testimony proffered by plaintiffs' counsel did not relate to formal matters and was not essential to the ends of justice. The trial court therefore sustained the objection and was correct in doing so. The purpose of Rule B, § (1), subd. 19 is to inhibit a lawyer from testifying in his client's case except as to matters specified therein. If the urgency to testify arises after the trial starts, other counsel should take charge or if that cannot be done with convenience to the parties, a continuance should be granted after a full disclosure to the court unless it is shown that prejudice or injustice can be avoided. If counsel is aware of the necessity for his testimony before the trial begins, he should discuss the matter with his client and decide whether other counsel should be substituted or if he should retire from the case. The rule on the point is so clear that counsel should anticipate the reason and effect of his testimony beforehand and if it goes beyond formal matters he should advise his client and make proper arrangements for other counsel to handle the trial.
The judgment is accordingly reversed and a new trial awarded.
Reversed.
ROBERTS, C.J., MATHEWS, J., and MILLEDGE, Associate Justice, concur.