150 So.2d 272 (1963)
Harry GENET and Rose Genet, his wife, Appellants,
v.
FLORIDA EAST COAST RAILWAY COMPANY, a Florida corporation, Appellee.
No. 62-372.
District Court of Appeal of Florida. Third District.
February 19, 1963.
Rehearing Denied March 12, 1963.
*273 Ward & Ward, Miami, for appellants.
Bolles & Prunty and Michael C. Slotnick, Miami, for appellee.
Before PEARSON, TILLMAN, C.J., and BARKDULL and HENDRY, JJ.
PER CURIAM.
This is an appeal by the defendants from a final decree which specifically enforced a condition subsequent in a deed which gave the grantor the option to repurchase the property upon the failure of the grantees to perform the condition.
The plaintiff, in its amended complaint, alleged that it had purchased certain land adjacent to its railroad, zoned for warehouse use, for the purpose of resale to those who would build warehouses thereon; that plaintiff hoped to profit through freight haulage; that the land in question was sold to the defendants with this intention and accordingly, the following provision was inserted in the deed of conveyance:
"As a part of the consideration for this deed it is mutually agreed between the parties that the land hereby conveyed will be used for the construction of a warehouse and business facilities for grantees own use and for no other purpose. In the event said property is not developed for such use within two years from the date of this deed, said property shall become at the option of grantor, re-sold to the grantor for the original purchase price, plus the amount of all ad valorem taxes paid by grantee on said property."
It was further alleged that the defendants failed to construct a warehouse on the land in question within the specified time; that the plaintiff tendered to the defendants their purchase price and ad valorem taxes paid, and demanded reconveyance of the property; that the defendants refused to accept the tender or reconvey the property to the plaintiff. The plaintiff prayed that the above quoted clause be declared valid, enforceable and binding upon the defendants and that the court decree specific performance of same.
The defendants moved to dismiss the amended complaint for failure to state a cause of action, alleging in their motion that the clause in question amounted to an illegal and invalid restraint of alienation by restricting the use of the warehouse to the grantees.
*274 The chancellor denied the defendants' motion to dismiss and allowed them 30 days in which to file their answer. The defendants failed and refused to file an answer and a final decree was entered in favor of the plaintiff declaring the clause in question to be valid, binding and enforceable against the defendant. The final decree further found that the defendants had failed to perform, i.e., failed to construct a warehouse within the specified time, and that the plaintiff had timely exercised its option and had requested reconveyance and tendered the amount required. The decree ordered the defendants to properly convey title to the property to the plaintiff and ordered the plaintiff to pay an amount equal to the original purchase price plus ad valorem taxes paid by the defendants to December 31, 1959.
The defendants' appeal from that final decree and assign as error the order denying their motion to dismiss. Since the defendants elected to stand on their motion to dismiss rather than to answer and plead to the merits, the only question before us is whether or not the complaint stated a cause of action for the relief sought. Defendants, by relying upon their motion to dismiss, are deemed to have admitted the truth of the allegations contained in the complaint.[1] If the complaint stated a cause of action and the final decree was confined to the relief sought and was proper, the decree must be affirmed.
Basically, there are two questions presented: (1) whether the condition subsequent (granting the plaintiff the right to repurchase the property if a warehouse was not constructed on it within two years) is valid and enforceable, and (2) whether the language requiring that the land "be used for the construction of a warehouse and business facilities for the grantees own use and for no other purpose" constituted an invalid and void restriction of alienation.
The use of a condition subsequent in a deed has long been recognized. It operates to vest title in the grantees subject to a right of termination in the grantor upon the grantee's breach of or failure to perform the express condition.[2] In Villafranca v. Cotitia, 147 Fla. 715, 3 So.2d 397, our Supreme Court recognized the validity of a condition subsequent requiring the grantee to support the grantor until the grantor's death and allowed the grantor to cancel the deed upon the grantee's breach of the condition. We see no reason why the condition imposed upon the appellants, the grantees herein, should not be enforced. The appellants freely agreed to the imposition of this condition and upon their failure to construct a warehouse within the specified time the appellees had a right of re-entry, which they properly exercised.
Next we proceed to the question of whether the right of re-entry was lost because the clause provided that the land be used for the construction of a warehouse "for the grantees' own use and for no other purpose". Appellants contend that this language renders the entire clause invalid and void as an unlawful restriction of alienation. We can not agree with this contention. The chancellor could properly have construed this language simply as requiring that the warehouse be constructed for the appellants' use, without limiting their subsequent right to transfer the property.[3] Also, the chancellor could have properly *275 determined that such language did constitute an unlawful restriction of alienation and, therefore, had the warehouse been constructed, the restriction would be unenforceable. This latter determination, however, would not obviate the requirement that the warehouse be constructed in the first instance. Thus, under either determination, the chancellor was correct in denying the appellants' motion to dismiss. The final decree, granting the relief sought, was properly entered and is hereby affirmed.
Affirmed.
NOTES
[1] Arundel Debenture Corporation v. Le Blond, 139 Fla. 668, 190 So. 765; Matthews v. Wilkerson, 132 Fla. 753, 182 So. 439; Barton v. Moline Properties, Inc., 121 Fla. 683, 164 So. 551, 103 A.L.R. 725.
[2] 1 Atkins, Fla.Real Estate Law and Procedure (1959) § 17.06; 4 Thompson, Real Property (1961) § 1874.
[3] See: Board of Com'rs of Oklahoma County v. Russell, 10th Cir.1949, 174 F.2d 778. cert. denied, 338 U.S. 820, 70 S.Ct. 64, 94 L.Ed. 498; Texas & P. Ry. Co. v. City of Marshall, 136 U.S. 393, 10 S.Ct. 846, 34 L.Ed. 385 (1890); Mead v. Ballard, 7 Wall. 290, 74 U.S. 290, 19 L.Ed. 190 (1869).