PER CURIAM.
The appellants are the three natural children of Merry A. Freeman, deceased. Their appeal concerns an order which denied their petition to revoke her last will and testament.
*657 One of the critical points in the trial involved the testamentary capacity of the deceased, Merry A. Freeman. Prior to trial the appellants invoked the rule to exclude all witnesses from the courtroom. The attorney for the executor was a witness to the will and was expected to testify in the cause. It was, therefore, requested that he be excluded from the courtroom. This request was denied and he was permitted to remain. During the trial he was called as a witness. The appellants’ objections to his testifying on several different grounds were overruled. He stated that when he learned that a petition to revoke the probate of the will had been filed and since he expected to be called as a witness he notified the beneficiaries under the will to obtain other counsel to conduct the trial. He continued to represent the executor, however, and did so during the trial. He testified on the crucial point concerning his opinion of the testamentary capacity of the deceased, Merry A. Freeman, and on many other evidentiary matters, other than merely formal matters such as attestation or custody of the will.
By permitting the attorney to testify under these circumstances and over proper objection, we believe the trial judge erred. See Millican v. Hunter, Fla.1954, 73 So.2d 58; Dudley v. Wilson, Fla.1943, 152 Fla. 752, 13 So.2d 145; Hubbard v. Hubbard, Fla.App.1970, 233 So.2d 150; 35 Fla. Jur. Witnesses § 72; and Code of Ethics, Rule B, § 19, 32 F.S.A.
We must reverse and remand the case for a new trial. We do not, therefore, consider the other points which have been assigned as error.
Reversed and remanded for new trial.