*303 MEMORANDUM TO: The Clerk
FROM: DREW, J., Chairman, Rules Committee.
OPINION FILED: October 21, 1970
The Chief Justice and the other Justices have requested that I advise you concerning the application of the Integration Rule to the above two cases. These disciplinary proceedings are ones instituted in the circuit courts pursuant to Rule 11.14 of the Integration Rule, 32 F.S.A. Under the rule the district courts of appeal and the circuit courts have concurrent jurisdiction with The Florida Bar in disciplinary matters. The rule contains a provision that the forum first asserting jurisdiction in a disciplinary matter shall retain the same to the exclusion of the other until the final determination of the cause.
*304 In No. 39,955 a final judgment was entered suspending Eugene Tannenbaum from the practice of law in Florida for a period of sixty days beginning June 1, 1970.
In No. 40,314 a judgment was entered disbarring the respondent Donald J. Eanett from the practice of law. These two final judgments concluded the matters in the circuit courts. The rule (11.14[4]) provides that, upon the rendition of such judgment in the circuit court, three certified copies should be filed in this Court. Upon the filing of such copies here, one is retained in our file (and I think we should docket that and create a case number as has been done), one shall be forwarded by the Clerk of this Court to the Executive Director of The Florida Bar and the other copy shall be forthwith served upon the accused attorney. The purpose of the provision for filing such copies here and with the Florida Bar is to be able to note such judgments upon our roster of admitted attorneys and to enable the Florida Bar to do the same. The judgment becomes effective when rendered in the circuit court and filed with the official clerk of that court.
In the event the disciplined attorney desires to have the matter reviewed here, he must take an appeal from such judgment in accordance with the disciplinary rule for appellate review. If no appeal is taken, no further action is required in the matter.
Now so far as these two cases are concerned, in the Tannenbaum case the suspension period expired, under the terms of the judgment, on September 1st. The suspended attorney has therefore been an active member of The Bar since said date without further action on his part being required. In the Eanett case, this attorney remains disbarred until such time as he shall apply for reinstatement to the Board of Governors. The circuit court under Rule 11.14(8) has no jurisdiction to order reinstatement because all reinstatement petitions, whether the proceeding originates in the circuit court or appellate court or Florida Bar, must be processed in accordance with present Integration Rule on reinstatement by filing a petition with the Board of Governors of The Florida Bar.
ERVIN, C. J. and ROBERTS, CARLTON, ADKINS and BOYD, JJ., concur.