248 So.2d 182 (1971)
Edward J. HILL, Appellant,
v.
W. Dexter DOUGLASS, Appellee.
No. O-11.
District Court of Appeal of Florida, First District.
May 20, 1971.
Truett & Watkins, Tallahassee, for appellant.
W.K. Whitfield and Carl R. Pennington, Jr., Tallahassee, for appellee.
RAWLS, Judge.
Appellant Hill (plaintiff below) has appealed a final judgment wherein the trial judge decided that Canon 19 of the Canons of Professional Ethics, 32 F.S.A. precluded Hill from sharing in a legal fee. By this appeal appellant primarily contends that Canon 19 does not bar payment for professional services rendered before the attorney becomes aware that he is a potential witness in a case.
The trial judge, after detailing the facts, concluded in his order that Attorney Hill had performed 20% of the legal services in a lawsuit in which an ultimate contingent fee of $56,892.97 was earned, and that there was an implied agreement between the two attorneys involved (Hill and Douglass) to share any fee earned in the case. However, the trial judge also concluded that because Attorney Hill had become a witness in the case, presenting material evidence (some favorable and some not favorable to the client), he was precluded by Canon 19 from sharing in the contingent fee earned in the case. We agree.
Canon 19 of the Florida Canons of Professional Ethics (patterned after a similar Canon of the American Bar Association) provides that a lawyer should withdraw as counsel when it becomes necessary for him to testify to material facts on behalf of a client, and that, except when essential to the ends of justice, a lawyer should avoid testifying in court on behalf of his client. The question of whether or not in certain situations a lawyer, or his partner, should withdraw from a case in which he must appear as a material witness is not new. Formal Opinion No. 220, American Bar Association Opinions of the Committee on Professional Ethics, etc. (1967 ed.), traces the origin and reasons for Canon 19. The opinion noted that "even though his zeal as a lawyer might not influence his testimony as a witness, the public might suspect that it would,  a situation which the lawyer should avoid." This same opinion apparently makes certain exceptions in instances *183 wherein the lawyer, or his partner, is testifying as to merely formal matters, or in "cases where the lawyer has long and intimate familiarity with the details of the matter in litigation, so that his withdrawal will necessarily deprive his client of knowledge and experience of peculiar and irreplaceable value." There is no distinction made as to whether or not the testimony supports the client's case.
In the early case of Dudley v. Wilson, 152 Fla. 752, 13 So.2d 145 (1943), where the attorney was not permitted to testify as to consideration received by his client for a deed, the Supreme Court noted: "The dual capacity of counsel and witness in the trial of a cause, except as to formal matters, should be avoided if possible." Millican v. Hunter, 73 So.2d 58 (Fla. 1954), involved a situation in which a lawyer was not allowed to testify on behalf of his client. The Supreme Court reasoned that the attorney "should anticipate the reason and effect of his testimony beforehand and if it goes beyond formal matters he should advise the client and make proper arrangements for other counsel to handle the trial."
As noted by the able trial judge in the case sub judice, the Opinions of the Professional Ethics Committee of the Florida Bar, although not binding on the courts, are persuasive in interpreting the Canons of Professional Ethics. (See selected Opinions of the Professional Ethics Committee, the Florida Bar, 1959-1967.) The Opinions have made some exceptions to the general rule that an attorney, or his partner, may not accept, and must withdraw from, any case in which the attorney is a material witness. Opinion 64-39 finds that a lawyer need not withdraw from a case where he would testify merely as to "technical matters," or where the possibility exists that he might be called to testify by his adversary as this would create a situation in which the adversary could disassociate the client's chosen counsel.
Opinions 65-40 and 67-30 are particularly applicable to the instant case. These opinions conclude that it is impermissible for an attorney to share in any contingent fee earned in a case wherein he gave testimony relating to other than "merely a formal matter" even though this may "create some hardship in view of the work already done." Opinion 67-30 also discusses the probable dual purpose of Canon 19 as avoiding "the embarrassment to an advocate of being required to comment upon the credibility of his own testimony," and avoiding "the danger that the identification of the lawyer with his client, and the probability or possibility that a fee, whether contingent or not, enhanced by the outcome of the suit, would invite perjury."
Affirmed.
CARROLL, DONALD K., Acting C.J., and VANN, HAROLD R., Associate Judge, concur.