258 So.2d 330 (1972)
Thomas M. BEAVERS et al., Appellants,
v.
F.A. CONNER, Appellee.
No. 71-445.
District Court of Appeal of Florida, Third District.
February 22, 1972.
Rehearing Denied March 15, 1972.
*331 Horton, Schwartz & Perse, Goodman & Petersen, Miami, W. Emory Daugherty, Jr., Miami Springs, for appellants.
Nicholson, Howard, Brawner & Lovett, Miami, for appellee.
Before PEARSON, CHARLES CARROLL and BARKDULL, JJ.
PER CURIAM.
This action was commenced below by the appellee filing a complaint seeking to impress a trust on certain capital stock in a Panamanian corporation which he had previously formed. At the time of the inception of the corporation, he was to own 49% of the stock; 51% was to be owned by Panamanian nationals. The stock and corporate papers were left in the possession of the Panamanian nationals, and the corporation was to act when it received an operating certificate from the Panamanian government entitling it to act as a cargo carrier.
Subsequent to the formation of the corporation, the appellants, through the appellee's Panamanian associates, acquired control of the stock of the Panamanian corporation and its operating certificate. At this time they had notice of the appellee's rights. The appellee, after the appellants' refusal to cease their efforts to obtain control of the corporation, instituted the instant proceedings seeking, among other things, to impose a trust on certain of the capital stock of the Panamanian corporation, a temporary injunction, and other relief. The temporary injunction was issued; subsequently an amended complaint was filed and the cause became at issue. At the time the matter came on for final hearing, it is apparent from the record that all parties conceded the matter would proceed as an equity cause and that only in the event the plaintiff did not prevail would the issues framed by the affirmative answers in the nature of a counterclaim be presented to a jury.
At the outset of the final hearing, counsel for the defendants attempted to invoke the rule, which was denied. During the course of the trial, one of the counsel from the firm representing the plaintiff testified on behalf of the plaintiff and the counsel in chief for the plaintiff was called as an adverse witness by the defense. Subsequent to the final hearing, the trial court entered a final judgment in favor of the plaintiff, finding that the appellants had wrongfully acquired the capital stock in the Panamanian corporation and appropriated its operating certificate for their own use which, by the time of the final hearing, had become worthless because the operating certificate had been cancelled by the Panamanian government. He found the certificate to be worth $125,000.00 and awarded the plaintiff-appellee 85% of said sum, apparently based upon the proposition that notwithstanding the fact that the plaintiff *332 held only 49% of the capital stock of the corporation he was entitled to 85% of the profits under his original agreement with the Panamanian nationals with whom he formed the corporation.[1]
This appeal ensued; three points are preserved for review: First, the failure to grant a jury trial. Second, the failure of the trial judge to invoke the rule excluding witnesses from the courtroom and error in permitting counsel for the plaintiff to testify in the cause. Third, that there is no evidence in the record to support a finding that the certificate lost by the actions of the defendants had a value of $125,000.00.
As to the first point, it is apparent from the record that at the opening of the final hearing all parties conceded before the court that the matter should be tried non-jury, and only in the event the defendants were to go forward with their affirmative actions was there to be a jury trial. Further, it is not uncommon for a chancery suit seeking a resulting trust to ultimately end in an award of damages to the plaintiff when the chancellor finds in his favor and it is impossible to return him to the status quo as in the instant case. Winn & Lovett Grocery Co. v. Saffold Bros. Produce Co., 121 Fla. 833, 164 So. 681; Superior Uniforms, Inc. v. Neway Uniform & Towel Supply of Florida, Inc., Fla.App. 1964, 166 So.2d 464. Therefore, no error has been made to appear in proceeding as the trial judge did in this matter.
As to the second point, we find no error in failing to invoke the rule excluding witnesses. This is a matter within the discretion of a trial court. Romano v. Palazzo, 83 Fla. 243, 91 So. 115; New Amsterdam Casualty Company v. Utility Battery Manufacturing Company, 122 Fla. 718, 166 So. 856; City of Miami Beach v. Washburn, Fla. 1956, 88 So.2d 555. And, unless an abuse of discretion is shown, such ruling will not be disturbed. Romano v. Palazzo, supra; Brown v. State, Fla.App. 1959, 111 So.2d 296; 32 Fla.Jur., Trial, § 14. No such abuse of discretion in this ruling is made on this record. A member of the law firm representing the plaintiff was permitted to testify about uncontroverted matters by the trial judge. This seems to be within the provisions of Disciplinary Rule DR 5-101(B) (1), Canon 5, Code of Professional Responsibility, 32 F.S.A.[2] This counsel was not the counsel-in-chief representing the plaintiff and did not testify to anything which was not conceded by the defendants. It certainly would appear that, in order not to jeopardize a client's cause of action, the better practice would be for counsel to arrange to have another conduct a trial proceeding when it is apparent that either he or a member of his firm will be required to testify on behalf of his client. Even though we have not found error in permitting the testimony in the instant case, each such situation will have to be scrutinized with utmost care whenever it arises and counsel should be very careful in testifying for a client while handling the trial. Dudley v. Wilson, 152 Fla. 752, 13 So.2d 145; Millican v. Hunter, Fla. 1954, 73 So.2d 58; Hubbard v. Hubbard, Fla.App. 1970, 233 So.2d 150; In Re Estate of Freeman, Fla.App. 1970, 240 So.2d 656. As to the defense calling counsel-in-chief to *333 testify as an adverse witness, we do not find any error in this regard because to do so would be to permit defense counsel to force a disassociation between counsel and client, which the courts do not approve. Phillips v. Liberty Mutual Insurance Company, 43 Del. Ch. 436, 235 A.2d 835; Galarowicz v. Ward, 119 Utah 611, 230 P.2d 576; Opin. 64-39, Selected Opinions of the Professional Ethics Committee, The Florida Bar 1959-1967. cf Hill v. Douglass, Fla.App. 1971, 248 So.2d 182, 183.
The third and last point, relating to the evidence to support the issue of damages, presents a more troublesome problem. The court found that the certificate was worth $125,000.00 and awarded the plaintiff 85% of such amount, based on his original memorandum agreement entitling him to 85% of the net profits of the operation of the corporation. We find the evidence insufficient to sustain a finding that the certificate of operation had a value of $125,000.00 at the time the defendants appropriated the capital stock of the corporation. The evidence tendered on this subject was the value of an operating certificate of another airline which had rights to and from the United States, referred to as a "402" certificate. The Panamanian corporation involved in this litigation did not possess a "402" certificate. We do not find that the evidence of the value of a carrier operation different and more expansive than the corporation in which the plaintiff had an interest would be sufficient to sustain a finding of a $125,000.00 loss in the instant case. Therefore, the final judgment as to the amount of damages be and the same is hereby reversed for a new trial solely on this issue.
The question of whether or not the defendants will be entitled to a jury trial upon a retrial of this issue should be determined initially by the trial court, in accordance with the principles announced in Central Mutual Insurance Company v. Newman, Fla.App. 1960, 117 So.2d 41; Roth v. Hyer, 5th Cir.1944, 142 F.2d 227.
Reversed and remanded with directions.
BARKDULL, Judge (concurring in part, dissenting in part).
I concur with so much of the above opinion which affirmed the action of the trial court, but I disagree with that portion of the opinion remanding the cause for a new trial as to the issue of damages.
My view of the record discloses that the evidence tendered to support the value of the operating certificate held by the corporation involved in the instant case was, at best, $50,000.00. I would amend the judgment to permit recovery by the plaintiff 85% of this amount and, as amended, would affirm.
NOTES
[1] Although no error is assigned in fixing the plaintiff's loss as 85% of the value of the lost capital asset, to wit: the operation certificate, it would appear that the plaintiff's recovery should have been limited to 49% rather than 85% as, under the agreement, this latter percentage was only to apply to "net profits".
[2] "DR 5-101. Refusing Employment When the Interests of the Lawyer May Impair His Independent Professional Judgment.

* * * * *
"(B) A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness, except that he may undertake the employment and he or a lawyer in his firm may testify:
"(1) If the testimony will relate solely to an uncontested matter."
* * * * *