PER CURIAM.
By this appeal, plaintiff in the trial court seeks review of an adverse summary judgment dismissing a cause of action which sought, in effect, to cancel a deed allegedly executed by the grantor at a time when he was under the influence of the grantee and not competent to do such. The matter came on for hearing before the trial judge. The record consisted of a deposition of the grantee [Fish], an affidavit of Fish’s attorney, and an affidavit of the deceased grantor’s doctor. The summary judgment indicates it was granted in part on the “affidavits” in the file. We reverse.
First, it was inappropriate for counsel for the grantee [Fish] in the trial court to give an affidavit in support of the motion for summary judgment, because this is contrary to Canon 5, EC 5-9, DR 5-102, Code of Professional Responsibility; Millican v. Hunter, Fla.1954, 73 So.2d 58; Hubbard v. Hubbard, Fla.App.1970, 233 So.2d 150; In Re Estate of Freeman, Fla.App.1970, 240 So.2d 656. Counsel would not have been permitted to testify at the trial because of these authorities and, therefore, the trial judge should not have considered his affidavit as to the condition or competence of the grantor at the time he executed the deed. Dean v. Gold Coast Theatres, Inc., Fla.App. 1963, 156 So.2d 546; First Mortgage Corporation of Stuart v. deGive, Fla.App.1965, 177 So.2d 741; Rule 1.510(e), R.C.P.
Second, from a reading of the deposition of the grantee [Fish] it does not appear conclusively that the plaintiff did not have a cause of action. Therefore, it was error to grant the motion for summary judgment. Bishop v. City of Clear-water, Fla.App. 1972, 258 So.2d 337; Williams v. Florida Realty & Management Co., Fla.App.1973, 272 So.2d 176; Posey v. Pensacola Tractor & Equipment Company, Inc., Fla.App.1962, 138 So.2d 777. In the last cited case, the following is found •

“It is elemental that the movant at all times carries the burden of clearly and unequivocally establishing the right to summary judgment, and that it cannot be granted if there exists any controverted issue of material fact or if the proofs supporting the motion fail to overcome every theory upon which, under the pleadings, the adversary’s position might be sustained [authorities cited]”.

For the reasons above stated, the summary judgment here under review be and the same is hereby reversed, with directions to grant the parties a trial on the issues as may be framed by the pleadings.
Reversed and remanded, with directions.