PER CURIAM.
State Farm Mutual Automobile Insurance Company appeals from a final judgment in favor of the plaintiffs in the principal sum of $4,003.92, after an action to enforce an arbitration award in which State Farm contended it had a right to deduct workmen’s compensation payments from the award.
Following a collision with an uninsured motorist, Harry Wright filed a claim against State Farm. The claim was submitted to arbitration, which resulted in an award for Harry Wright. The arbitration award read as follows:
4c ' 4c 4c 4c 4c 4c
“1. That the claimant is entitled to recover of and from the carrier, State Farm Mutual Insurance Company, the following sums:
a. The sum of $15,000.00 representing compensatory damages exclusive of lost wages and medical payments.
b. The sum of $1,150.80 representing lost wages.
c. The sum of $2,701.65 representing award for medical payments.”
4« 4= 4= * * *
[This breakdown was pursuant to a request of State Farm’s trial counsel.]
After the award, State Farm made a deduction for a subsequent workmen’s compensation “washout” payment, and paid $10,-996.08 as the total award.
Thereafter, suit was filed by Wright claiming $4,004.08, which was the differ *1199 ence between the amount paid by State Farm and the award of $15,000.00. State Farm filed a motion to compel recusal of Mr. Stack and his firm as counsel for Harry Wright and Marie Wright, which was denied. It was alleged that Mr. Stack would be called as a witness at trial. At the trial, over objection, the arbitrators were permitted to testify. On June 24, 1976, final judgment was entered in favor of Harry Wright and Marie Wright in the principal sum of $4,003.92. In effect, the final judgment denied State Farm’s right to deduct the workmen’s compensation payments[1] made to Mr. Wright after the arbitration award. This was the “washout” settlement.
We affirm as to Harry Wright, but find no evidence to support the judgment in favor of Marie Wright which error has been conceded by the appellee.
The judgment confirming arbitration award was correct, because the award clearly stated the amount to be recovered exclusive of any set-offs. The arbitrators’ testimony confirmed this intent and the insurer’s attorney specifically requested that the award be divided, so deductions could be made and the proper amount payable determined. Arsenault v. Thomas, 104 So.2d 120 (Fla. 3rd D.C.A. 1958); Lesperance v. Lesperance, 257 So.2d 66 (Fla. 3rd D.C.A. 1972); Werner v. Safeco Insurance Company of America, 323 So.2d 645 (Fla. 3rd D.C.A. 1975); 2 Fla.Jur., Appeals, § 313. The judgment of the trial court does not require reversal, because there has been no showing of any prejudice by denial of motion to compel recusal of attorney; his testimony was not necessary nor on a material issue.[2] City of Miami v. Florida Power & Light Company, 180 So.2d 344 (Fla. 3rd D.C.A.1965); Wallace v. Rashkow, 270 So.2d 743 (Fla. 3rd D.C.A. 1972). The trial court did err in not dismissing Marie Wright, and the judgment under review will be modified by this opinion to eliminate her recovery.
Affirmed as modified.

. The nature of workmen’s compensation washout recovery is a recovery for diminished earning capacity or lost wages, as a result of permanent injury plus the cost of future medical payments. See: In Re Lupola, 293 So.2d 354 (Fla. 1974). Therefore, there was no real need to take testimony because the items recovered in the washout settlement represented, in effect, the excluded items in “b” and “c” of the award.

. Inasmuch as Mr. Stack, plaintiffs’ counsel, was called as a witness for the defense, we find no error in the trial court’s denial of the appellant’s motion to recuse Mr. Stack and his firm. In Beavers v. Conner, 258 So.2d 330 (Fla. 3rd D.C.A. 1972), we find the following:
* * * * * *
“ * * * As to the defense calling counsel-in-chief to testify as an adverse witness, we do not find any error in this regard because to do so would be to permit defense counsel to force a disassociation between counsel and client, which the courts do not approve. Phillips v. Liberty Mutual Insurance Company, 43 Del.Ch. 436, 235 A.2d 835; Galarowicz v. Ward, 119 Utah 611, 230 P.2d 576; Opin. 64-39, Selected Opinions of the Professional Ethics Committee, The Florida Bar 1959-1967. Cf. Hill v. Douglass, Fla.App.1971, 248 So.2d 182, 183.”