HENDRY, Judge.
Appellants (sellers), defendants in the trial court, appeal a final judgment of rescission which set forth with particularity the method by which appellants and appellees (purchasers), plaintiffs in the trial court, would be placed in their original positions prior to the purchase and sale of a residence.
On January 5, 1974, the parties entered into a contract for the purchase of appellants’ home. The home was situated within a tract of land which appellants were in the process of plotting into six lots, one of which was the lot conveyed with home to appellees. At the time the contract was executed, all parties believed that the driveway leading to the house was included within the legal description of the conveyed parcel. After completion of the sale, however, it was learned by the parties that a survey relied upon during the transaction was incorrect, and the driveway to the residence was not included in the conveyance.
Appellees filed their complaint for quiet title, declaratory relief, reformation of deed and rescission against appellants. In a separate count, appellees alleged negligence on the part of the surveyor. Motion for summary judgment was granted by the court, rescinding the contract and the matter was then set for trial on the issue of restoring the parties to their original positions. Thereafter, upon determining the equities, a final judgment was entered by the trial court on October 5, 1976, from which this appeal has been taken.
Appellants raise five points on appeal, four of which can be grouped under the following general contention, to-wit: the trial court failed to properly restore the parties to their original positions. The fifth and final contention claims as error the trial court’s determination that the survey- or employed by appellants was not an independent contractor, but rather an agent of appellants.
After carefully reviewing the record, briefs and arguments of counsel, it is our opinion that for the following reasons, the final judgment must be affirmed.
Appellants’ initial four contentions are all addressed to certain discretionary rulings of the chancellor. Primary among those discretionary rulings is a determination by the chancellor of the fair rental value of the residence on a monthly basis along with a determination of the total amount of rent to be awarded appellants by virtue of the occupancy of the home by appellees. Another discretionary ruling challenged by this appeal centers around the chancellor’s awarding of six percent interest on the proceeds of the sale to appellees, said award being predicated upon appellants’ use of the money for the period of time prior to the rescission of the contract. Additionally, the chancellor ruled that appellees would be entitled to the costs and interest incurred by virtue of an eight percent mortgage placed upon the home by appellees.
Suffice it to say that all of the above rulings were made in an attempt to both determine the equities between the parties and return those parties to their former status. In accordance with the sound principles of equity jurisdiction and the law of rescission, we cannot say that the chancellor abused his discretion in so ruling. See Villafranca v. Cotitia, 147 Fla. 715, 3 So.2d 397 (Fla.1941); Ganaway v. Henderson, 103 So.2d 693 (Fla. 1st DCA 1958).
*470 Appellants’ final contention claims error on the part of the trial court in ruling that the surveyor in error was an agent of appellants, rather than an independent contractor. We find this contention to be without merit. Campbell v. Bellman, 293 So.2d 795 (Fla. 3d DCA 1974).
Accordingly, the final judgment rescinding the contract and determining the equities is hereby affirmed.
Affirmed.