384 So.2d 1357 (1980)
PANTORI, INC., a Florida Corporation, Petitioner,
v.
Owen STEPHENSON et al. Respondents.
No. 80-251.
District Court of Appeal of Florida, Fifth District.
July 2, 1980.
*1358 Wallace Dunn, Dunnellon, for petitioner.
Donald Bradshaw, Inverness, for respondents.
FRANK D. UPCHURCH, Jr., J.
Pantori, Inc. petitions for a writ of certiorari to review an order of the Circuit Court for Citrus County holding that the court did not have jurisdiction to disqualify an attorney from representing a client.
We have jurisdiction to consider the petition pursuant to article V, section 4(b)(3), Florida Constitution. In the order appealed, the trial court recited that article XI of the Integration Rules of the Florida Bar had vested the Supreme Court of Florida with exclusive jurisdiction over all persons admitted to practice law in this state. Pantori had filed a motion to compel withdrawal of respondents' attorneys, Donald J. Bradshaw and T. Richard Hagin, contending these same attorneys had previously been employed by Pantori in a similar action involving the same subject matter.
Article V, section 15 of the Florida Constitution provides:
The supreme court shall have exclusive jurisdiction to regulate the admission of persons to the practice of law and the discipline of persons admitted.
Florida Bar Integration Rule, article XI, preamble, establishes the mechanisms for the administration of this jurisdiction. Rule 11.03, Florida Bar Integration Rule, article XI, provides that:
The jurisdiction of the Supreme Court shall be administered in the manner hereinafter stated. The following entities are hereby designated as agencies of the Supreme Court for this purpose and with the following responsibilities, jurisdiction, and powers....
The rule lists the Board of Governors of the Florida Bar, Grievance Committees, Referees, Staff Counsel and Bar Counsel as agencies empowered to administer the supreme court's disciplinary power. Circuit and appellate courts are not included. However, Rule 11.14, Florida Bar Integration Rule, article XI, provides that a judge of the circuit court or district court of appeal upon receiving knowledge of alleged unprofessional conduct may direct the state attorney to make a motion in the name of the State of Florida to discipline the attorney. In addition, Canon 3(B)3, Florida Bar Code of Judicial Conduct, provides that a judge should take or initiate appropriate disciplinary *1359 measures against a judge or lawyer for unprofessional conduct of which the judge may become aware. The commentary to Canon 3B(3) notes that "[d]isciplinary measures may include reporting a lawyer's misconduct to an appropriate disciplinary body." By inference, the court itself is not the "appropriate disciplinary body."
Thus, it appears that the supreme court alone has the power to discipline attorneys by the grant of exclusive jurisdiction. Florida Bar v. McCain, 330 So.2d 712 (Fla. 1976); Application of Harper, 84 So.2d 700 (Fla. 1956). The circuit and district courts have been ousted of whatever inherent disciplinary power over attorneys they may have previously held. State v. Revels, 109 So.2d 1 (Fla. 1959). Therefore, these courts now have only such power as has been provided in Rule 11.14. See Florida Bar v. Tannenbaum, 240 So.2d 302 (Fla. 1970). The rule does not specifically provide for discipline by acting on a motion by opposing counsel.
The propriety of such a motion was accepted in Sears, Roebuck & Co. v. Stansbury, 374 So.2d 1051 (Fla. 5th DCA 1979) and Andrews v. Allstate Insurance Co., 366 So.2d 462 (Fla. 4th DCA 1978), although neither case considered determinative the jurisdictional point which the trial court in the instant case addressed. If removal of an attorney is considered to be discipline, then respondents' contention is correct and the trial court had no jurisdiction to remove counsel. The basic purpose of the trial court is to afford litigants an impartial forum in which their complaints and defenses may be presented, heard and decided with fairness. This purpose transcends the right of attorneys to be controlled in their conduct by the supreme court. It is unquestioned that a trial court may control an attorney for contemptuous conduct. Welch v. State, 359 So.2d 508 (Fla. 1st DCA 1978); Williams v. State, 283 So.2d 585 (Fla. 1st DCA 1973). It may deny an attorney leave to withdraw from a case. See Fisher v. State, 248 So.2d 479 (Fla. 1971). Therefore, a trial court may decide, after consideration of a motion alleging sufficient facts which, if true, would warrant removal of opposing counsel, that removal is mandated. If those allegations also constitute a breach of the Florida Bar Code of Professional Responsibility, the trial judge should then initiate those procedures which have been established to discipline attorneys.[1] The discipline or punishment of the attorney will then be decided, not by the trial court, but by the supreme court after the appropriate procedures have been followed.
Petitioner has alleged that counsel for respondents formerly represented it in matters involving the same subject matter and confidential information so obtained would be useful to respondents and detrimental to petitioner. These allegations were supported by the affidavit of the president of Pantori, Inc. The affidavit included an invoice from a law firm of which Mr. Bradshaw was purportedly a member and checks from petitioner in payment. The trial court should have conducted a hearing on the merits of the motion and removed respondents' attorneys if it determined their continued representation would breach petitioner's confidences.
The purpose of the hearing is not to determine whether there has been a breach of the Code of Professional Responsibility for which the attorney may be disciplined but whether, because of such breach, one party has an unfair advantage over the other which can only be eliminated by removing the attorney. We therefore conclude that the refusal of the trial court to consider the merits of the motion was a departure from the essential requirements of law.
Accordingly, certiorari is granted, the order quashed and the cause remanded for *1360 further proceedings consistent with this opinion.
DAUKSCH, C.J., and COBB, J., concur.
NOTES
[1] Florida Bar Code of Judicial Conduct, Canon 3:

(B) Administrative Responsibilities
(3) A judge should take or initiate appropriate disciplinary measures against a judge or lawyer for unprofessional conduct of which the judge may become aware.